## MOORE FURMAN v. DAVID PARKE.

1. Debt will lie for the recovery of a reward offered to be paid for the apprehension and conviction of the perpetrator of a specified crime—though assumpsit is the more usual and proper remedy.

2. An officer to pay such reward, although by a person having no interest in the matter, is not a contract without consideration. Any service performed under, or at the request of such offer, is sufficient consideration to maintain an action upon it.

3. Such offer, though general, enures as a contract to any person who performs the stipulated service.

4. Such contract is not void as against good morals or public policy.

5. A reward offered for the apprehension and conviction of any implication in the murder of four persons, J. B. P., J. C., M. C., and C., cannot be recovered upon the allegation that the perpetrators have been convicted of the murder of J. B. P., one of them.

6. To recover a reward offered for the apprehension and conviction of a criminal, it is not sufficient to allege that plaintiff caused the criminal to be apprehended, and that he was afterwards convicted without directly alleging that the plaintiff was instrumental in the conviction.

This is an action of debt brought for the recovery of a reward offered by the defendant, and one Abraham Castner since deceased, for the apprehension and conviction of certain persons implicated in the murder of four individuals at Changewater in the county of Warren, on the first of May, A. D. 1843.

The declaration is as follows:

"For that whereas the said David Parke, and one Abraham Castner in his lifetime, now deceased, and whom the said David Parke hath survived, heretofore, to wit, on the second day of May, in the year of our Lord one thousand eight hundred and forty-three, at Mansfield in the said county of Warren, and within the jurisdiction of this court, offered a reward of one thousand dollars, to be paid for the apprehension and conviction of such person or persons as may have been implicated in the murder of John B. Parke, John Castner, Maria Castner and child, on Monday night, the first of May (then) instant, at Changewater, Warren county, state of New Jersey, and the said Moore Furman avers that afterwards, to wit, on the twenty-second day of May, in the year aforesaid, one Joseph Carter, Jr., was arrested upon the complaint of the said Moore Furman, made under oath before George Creveling, Esq. then being one of the Justices of the Peace in and for the said county of Warren, for the murder of the persons above mentioned, and that afterwards, to wit, at a Court of Oyer and Terminer and General Jail Delivery, holden at Belvidere, in and for the county of Warren aforesaid, in the Term of June, in the year aforesaid, several bills of indictment were found against the said Joseph Carter, Jr. by the Grand Jury of the said county of Warren, for the murder of the said several persons above mentioned respectively, and that thereupon such proceedings were had, that afterwards, to wit, at a Circuit Court holden at Belvidere, in and for the said county of Warren, in the Term of June, in the year of our Lord one thousand eight hundred and forty-four, the said Joseph Carter, Jr. was tried and found guilty of the murder of the said John B. Parke, and thereupon was afterwards sentenced to be hung for the murder aforesaid, and in pursuance of the said sentence, he the said Joseph Carter, Jr. was executed, whereby an action hath accrued to the said Moore Furman, to

demand and have of, and from the said David Parke the sum of one thousand dollars above demanded." To this declaration there was a general demurrer and joinder, upon which issue the argument was had.

Argued .before GREEN, C. J., and WHITEHEAD and RANDOLPH, JJ.

*Wurts,* and *Vroom,* for defendant in support of the demurrer.

*W. C. Morris* and *W. Halsted,* contra.

Points made by the defendant's counsel :

1. The form of action should have been assumpsit. Debt will not lie for a reward.
2. It does not appear that the contract was in writing.
3. It is not averred in the declaration in what mode the Circuit Court acquired jurisdiction of the indictment, nor does it appear that the conviction of the criminal was before a court having competent jurisdiction.
4. There was no consideration for the contract.
5. The contract is void, as being against public policy.
6. Admitting the contract to be valid, it does not appear by the declaration that the party has performed the service for which the reward was offered.

GREEN, C. J. It is first objected, in support of this demurrer, that the action is misconceived—that assumpsit, not debt, is the appropriate remedy. Assumpsit is certainly the most usual, and for obvious reasons, the most convenient form of action for the recovery of a reward. And it seems to be true as averred by the defendant's counsel, that the precedents are all in this form. But upon principle, the action is well conceived. Debt lies to recover money due upon simple contracts, express or implied, whether verbal or written, whenever the demand is for a sum certain, or is capable of being reduced to a certainty. 1 *Chit. Pl.* 123 (*Ed.* 1837.)

Upon any executed consideration for which money is to be paid, debt is a concurrent remedy with indebitatus assumpsit. 1 *Archb. N. P.* 200.

The other objections which were suggested to the form of the declaration are not well taken ; and if they *were,* are not available upon a general demurrer.

It is further insisted that the promise to pay the reward is without consideration, and is therefore void. It is true that the defendant was under no moral obligation, independent of his contract, to pay the reward. It does not appear by the declaration that he was to derive any pecuniary benefit from the conviction of the criminals, or that he was a relative of the persons murdered, or that he was a member of the community in which the crime was committed, or even that he was a citizen of the State whose laws had been violated. These circumstances indicate an absence of any adequate inducement to enter into the contract, but they by no means show the want of a valuable consideration to sustain the contract when made. They show merely the absence of a motive for offering the reward. The defendant offers to pay a stipulated sum for a specified service. Prior to the performance of the service there was no contract, and the defendant was at liberty to retract his offer. But the performance of the service, however trivial, or however inadequate in point of value to the remuneration offered, constituted in itself a valuable consideration for the contract, and rendered the offer which was before voluntary, binding upon the defendant, and its performance a legal duty. *Chitty on Con.* 7 *and* 8 ; *Train* v. *Gold,* 5 *Pick.* 384.

Nor is it perceived upon what grounds such a contract can be against public policy. It is certainly not against public policy that crimes should be discovered and criminals brought to justice. Public safety requires that rewards should be offered, and the policy of the law from an early period, has favored them. In contravention of the general rule of evidence, the party who is to receive the reward, either public or private, is admitted as a competent witness, although he has a direct and immediate interest in the event of the suit. The objection that the offering of rewards holds out a temptation to false accusation and perjury, applies equally to rewards offered by individ-

uals and by public authority. If the objection avails against one, it must against the other, also. *The United States* v. *Wilson, Baldwin* 70 ; *Hawk, P. C. Book* 2, *c.* 46, § 25 ; 1 *Phil. Ev.* (*Cowen's Ed.*) 119, 129.

In *Williams* v. *Carwardine*, 5 *Car. & P.* 566, the action was brought for the recovery of a reward offered by an individual for the discovery of a criminal. The defendant had published a handbill, stating that the body of Walter Carwardine had been found with marks of violence upon his person, and that there was reason to believe he was murdered ; and adding, " whoever will give such information as may lead to the discovery of the murderer of the said Walter Carwardine, shall on conviction receive a reward of £20." As in the present case, the declaration contains no averment that the party offering the award was a relative of the deceased. The validity of the contract, or its competency to support an action was not questioned. On the contrary, the counsel of the defendant stated on the argument, " it is clear that any person who in consequence of this handbill fairly gave evidence that led to the discovery of the murderers, would be entitled to the reward."

Upon a motion for a new trial in the same cause, Littledale, J. said " the advertisement amounts to a general promise to give a sum of money to any person who shall give information which might lead to the discovery of the offender, and Justice Parke said there was a contract with any person who performed the condition mentioned in the advertisement. 4 *Barn. & Adol.* 621.

We entertain no doubt that the offer of a reward by a private individual for the discovery or conviction of a criminal, becomes upon the performance of the condition, a valid contract, founded upon good consideration, and not in contravention of the dictates of public policy or sound morality. That the promise enures to the benefit of the person who performs the stipulated service, and that an action may be maintained for the violation of the contract.

The only material inquiry in this case is, Has the plaintiff brought himself within the terms of the offer ? Does it so appear by the declaration ?

The reward is offered " for the apprehension and conviction

of such person or persons as may have been implicated in the murder of John B. Parke, John Castner, Maria Castner and child." The reward is to be paid for the apprehension and conviction, not of one of several persons implicated, but of the person (if one), or the persons (if more than one), who were implicated, not in the murder of John B. Parke alone, but of John B. Parke and three other persons.

Admitting, that by a fair construction of the contract, the reward is to be paid to the person who gives the requisite information, or who is the moving cause, or the effective instrument of the apprehension and conviction. Still, it is manifest that the plaintiff has not brought himself within the terms of the offer. The declaration simply avers that Joseph Carter, Jr. was arrested upon the complaint of the plaintiff for the murder of the several persons mentioned in the offer of the reward; that bills of indictment were found against him for the murder of the said several persons, and that he was convicted of the murder of John B. Parke alone, and for that murder sentenced and executed. It is not averred that Joseph Carter Jr. was in anywise implicated in the murder of Castner, his wife or child, nor is it averred that other persons were not implicated in the murder of those individuals. Nor does it appear with sufficient certainty that the conviction of Carter was in consequence of the oath made by the plaintiff, nor that *he* was the efficient instrument of the conviction. For all that appears in the plaintiff's declaration, Carter may have been discharged upon his first arrest, and may have been subsequently apprehended and convicted upon information furnished by others who would be legally entitled to the reward. All that is contained in the declaration—all that may be legitimately inferred from its statements may be true, and yet the plaintiff may have no title to the reward.

He shews no cause of action in himself. The declaration is fatally defective, and judgment must be for the defendant.

RANDOLPH, J. The declaration in this case is bad, as the contract set forth and the breach do not correspond; but the principal point raised in the argument was as to the validity of

the contract, it being a reward offered by the defendant, a brother of John B. Parke, for the apprehension and conviction of such person or persons as may have been implicated in the murder of John B. Parke, John Castner, Maria Castner and child. It is insisted that if this be a contract, it is void for want of consideration for the promise made by the defendant ; but I think the object was a good one, and the consideration valid ; no person is bound to offer a reward for the apprehension and conviction of a murderer ; but if he does do so, he tenders an agreement to the first person who complies with its terms, and he cannot then withdraw his offer. He has held out inducements on which the party has acted, and he has no right to withdraw his proposition then. *Williams* v. *Carwardine*, 5 *C. & P.* 566, and *S. C.* 4 *B. & Ad.* 621—was a case where the brother of a murdered man offered a reward to " whoever would give such information as might lead to the discovery of the murderer " and the conviction of the perpetrator. The plaintiff gave the information not with a view to the reward, but on a sick bed to quiet the stings of conscience, and on this information there was a conviction : the jury rendered a verdict for the plaintiff under the direction of *Park, J.*, and this verdict was confirmed by K. B., on motion to set it aside and grant a new trial. *Littledale, J.* " The advertisement amounts to a general promise to give a sum of money to any person who shall give information which may lead to the discovery of the offender." " And this," says *Park, J.* " was a contract with any person who performed the condition," without regard to the motive in doing so. See, also, *Chit. on Contracts*, 9 *note* (o) & *p.* 432, *note* (i). It required an act of Parliament (7 & 8 *Geo.* 4, c. 29 § 59), to restrain the validity of the offers of rewards for stolen goods " with no questions asked." In *Falli* v. *Barber*, 1 *M. & S.* 108, a reward offered for such information as would lead to the discovery of a stolen child, was considered good, though the plaintiff did not recover in this case, as she had merely given information in order to enable another person to make the discovery, and obtain the reward. I think upon every principle of justice and propriety, as well as of authority, such pleas of rewards should be held valid. In the present case, however, the plaintiff cannot re-

cover if the declaration was correct; it is for the apprehension and conviction of such person or persons as may have been implicated in the murder of four persons. This court has heretofore held that there were four distinct murders, and that the acquittal as to the murder of one, was not a good plea of *autre fois acquit* as to either of the others; the person, therefore, to be entitled to the reward, must aver and prove that the person or persons implicated in each of the four murders has, or have been apprehended and convicted; otherwise, although there be but one reward offered, which is not divisible (1 *M. & S.* 108), yet on each single conviction there may be a recovery of the whole reward. Judgment must therefore be rendered for the defendant.

WHITEHEAD, J. concurred on all points.

Judgment for defendant.

CITED *in Hoboken* v. *Bailey*, 7 *Vr.* 493.